THIS was a qui tarn information exhibited in the Superior Court of Law for Greenbrier county against the defendants. They were charged with having, on the 2d January, 1810, felled thirty trees, on the commonwealth’s highway and public road leading from the upper navigation of James’ river, to the upper navigation of Kenhawa river, within the county of Greenbrier, and with having permitted them to lie and remain from the said second to the eighth day of January upon the common highway aforesaid, to the grievous and common nuisance of all the citizens of Virginia passing, riding, and travelling upon and through the highway aforesaid, *268 against the form of the act of assembly in such case made, &cc.
The defendants pleaded not guilty, and the jury found them guilty of one of the offences in the information charged against them. The defendants moved in arrest of judgment, and assigned the following reason; “ be- “ cause by law a qui tain information does hot lie to re- “ cover the penalty imposed by the act of assembly for a obstructing a public highway.”
The act of assembly inflicts a penalty of ten pounds on the act of felling a tree on the public highway, and permitting it to remain forty-eight hours, and declares that one moiety of the penalties inflicted by the act for the several offences enumerated in it, shall be to the informer, and the other to the use of the county, recoverable with costs, on warrant, petition, or action, as the case may be. The only question in this case was, whether a qui tain information was included in the remedies provided for by this act. [See 1 Rev. Code, p. 28, sections 9th and 11th.] The question was adjourned by the circuit court, and the general court decided, June 13, 1812, “ that an informa- “ iion qui tam does not lie to recover the penalty impo-"sed by the act of assembly for obstructing a public high- “ way.”